George Von Borstel, Appellant, *v.* George Kranz, Respondent.

Second Department, April 16, 1926.

**Arrest — action for criminal conversation — papers show plaintiff had reasonable prospect of success — error to vacate order of arrest.**

In an action for criminal conversation, it was error to vacate an order of arrest on the ground that the plaintiff did not show that he had a reasonable prospect of success, for the uncontradicted facts establish that the plaintiff's wife did, from time to time, live with the defendant, both here and in Germany.

APPEAL by the plaintiff, George Von Borstel, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 29th day of June, 1925, granting defendant's motion to vacate an order of arrest and directing the release and discharge of defendant from arrest and the release and discharge of the sureties from the undertaking on arrest, and denying plaintiff's motion for a reargument of said motion previously granted.

*Charles H. Kelby* [*Lawrence B. Cohen* and *Guy Hughes Riegel* with him on the brief], for the appellant.

*Marcus A. Sherman,* for the respondent.

JAYCOX, J. The action is brought to recover damages for criminal conversation. The motion to vacate the order of arrest was granted upon the ground that the papers did not show that the plaintiff had a reasonable prospect of success. With that conclusion I cannot agree. The facts which are not controverted are ample to justify an order of arrest and to withstand a motion to vacate the same upon the ground that the plaintiff cannot succeed in the action.

The plaintiff and his wife were married in Bremerhaven, Germany, in 1899. Four children were born of their union, and they apparently lived happily until the defendant became a member of the household in 1905. At that time the plaintiff was employed as steward upon a North German Lloyd steamer. Upon his return from a voyage he found that his wife and children had left his home with the defendant. The children had been left at the home of the defendant's parents, and the defendant and the plaintiff's wife were in another city. About two months later plaintiff's wife returned and they again established their home in Bremerhaven. In 1910 the plaintiff brought his wife to America and resided for a time in the borough of Brooklyn. After about three months the plaintiff's wife left him and returned to Germany. She remained there until 1915, living, it is admitted, with the defendant's parents. The defendant claims that during this time he saw very little of her. In 1915 plaintiff's wife again sought a reunion with plaintiff. The plaintiff consented, and his wife and their four children joined the plaintiff in New York city. Plaintiff's wife stayed but a short time and then left and returned to the defendant in Germany. After her departure a letter addressed to her arrived. This letter the plaintiff opened. It was from the defendant, written from Hanover, and acknowledged the receipt of a letter from the plaintiff's wife and said in part:

Second Department, April, 1926. [Vol. 216

" I wrote you to come back without fail and positively Harry and Wilma bring along [she had taken them]. * * * I have been in Feldstripe only one night more after you left. My heart is broken for all this trouble, so alone and lonesome in the empty rooms. I first wanted to give our furniture in storage or sell it but mother in Dorum told me not to do so; you may come back.

" I have rented a small apartment in Limmer, just 3 rooms, and pay 20 marks per month, and these rooms I keep so if I am in Hanover I don't have to go to some hotel.

" Dear Hanchen, I have to do work in Hanover for two weeks and then I go to Wilhelmshaven. I leave my address always in Dorum by your mother and you always can find me where I am.

" When you receive this letter please take the first steamer to come back.

" I wait for you merrily and kiss you."

This time plaintiff's wife remained away until May, 1922, when she induced the plaintiff to pay part or all of the passage money for herself and the two children to return to America. They returned and lived for a short time in a home provided for them by the plaintiff. Then the plaintiff's wife and the children again left and went to live uptown in New York city. The plaintiff's wife upon her return from Germany landed in New York May 18, 1922. On August 17, 1922, the defendant arrived in New York and went direct to the new home which plaintiff's wife had established uptown in New York. This home, apparently, was established just in time, as the defendant says that having no friends or relatives in this country he took a room in the home of plaintiff's wife. The defendant's name appeared at the entrance to the apartment, and the janitor's wife says she always called plaintiff's wife Mrs. Kranz, and that plaintiff's wife did not object to this designation or explain that it was erroneous. From there the plaintiff's wife and the defendant removed to an apartment in Brooklyn, the lease of which was taken in the defendant's name and again the name of Kranz appears at the entrance of the apartment.

Many other facts are alleged in the affidavits which are controverted, but these appear without serious contradiction. The defendant, however, attempts to make it appear that the separations that have occurred between plaintiff and his wife were all the result of plaintiff's misconduct. This attempt, upon this record, is entirely unavailing. The record contains a number of letters written to the plaintiff by his wife during their separations, and not a reproach or an accusation can be found in any of them.

There is nothing in any of those letters to indicate that the wife had any grievance against her husband.

Upon these facts it cannot be said that a verdict against the defendant would not be justified.

The order should, therefore, be reversed upon the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., MANNING, KAPPER and LAZANSKY, JJ., concur.

Order granting defendant's motion to vacate order of arrest reversed upon the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.